IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, Derivatively on Behalf of Nominal Defendant THE BOEING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DAVID L. CALHOUN, et al.,<br><br>Defendants,<br><br>- and -<br><br>THE BOEING COMPANY,<br><br>Nominal Defendant. | Civil Action No. 1:24-cv-01200-LMB-LRV |

## RULE 16(B) SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b), Local Civil Rule 16(B), and the Court's February 10, 2025 Order setting the initial pretrial conference (Dkt. No. 146), an initial pretrial conference was held before the undersigned in this matter on February 25, 2025, at which counsel for all parties appeared. Upon consideration of the representations made by the parties in the proposed Joint Discovery Plan[1] pursuant to Federal Rule of Civil Procedure 26(f) (the "Joint Discovery Plan") (Dkt. No. 147), and consistent with the discussion during the initial pretrial conference, the Court makes the following rulings:

1. The Joint Discovery Plan is approved, *as amended herein*, and shall control

---

[1] The Individual Defendants were not parties to the Joint Discovery Plan.

1

discovery to the extent of its application unless further modified by the Court.

2. All discovery, including expert discovery, shall be concluded by **June 13, 2025**.

3. The final pretrial conference shall be held on **June 18, 2025** at 10:00 a.m. before District Judge Leonie M. Brinkema.

4. A status conference will be held before the undersigned on **March 25, 2025** at 1:00 p.m. The parties are directed to submit a status report by **March 20, 2025** to inform the Court regarding the status of discovery. The Court will review the status report and determine whether the March 25, 2025 status conference is necessary or should be removed from the Court's calendar.

5. Plaintiff and the Nominal Defendant exchanged their Federal Rule of Civil Procedure 26(a)(1) initial disclosures on **February 21, 2025**. (*See* Dkt. No. 147 ¶ III.A.) As discussed during the initial pretrial conference, the Individual Defendants will serve their Rule 26(a)(1) initial disclosures on or before **February 28, 2025**.

6. As discussed during the initial pretrial conference, the Individual Defendants will answer or otherwise respond to Plaintiff's Complaint by 5:00 p.m. on **March 10, 2025**.

7. Disclosures under Federal Rules of Civil Procedure 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents and admissions, and answers thereto shall not be filed on the docket except on order of the Court, or for use in a motion or at trial.

8. No "general objection" may be asserted in response to any discovery request except to preserve the attorney-client privilege and work product protection.

9. The parties are reminded that, pursuant to Local Civil Rule 26(C), objections to discovery requests are due by fifteen (15) days after service.

10. The parties are reminded of their obligation to preserve all discoverable

information, including but not limited to ESI.

11. Paragraphs III.C and III.D of the Joint Discovery Plan state that the parties have agreed to abide by the Protective Order and Electronic Discovery Agreement and Order entered in *The Boeing Company Securities Litigation*, 1:24-cv-151 (LMB-LRV) (the "Securities Action"). (Securities Dkt. Nos. 80, 87.)

12. In Paragraph III.F of the Joint Discovery Plan, the parties agree to certain procedures and limitations regarding the logging of privileged material and the production of privilege logs in this Action and the Securities Action. To the extent any party intends to assert a claim of privilege or protection as to trial preparation material, any such claim must be made in a timely manner in accordance with Fed. R. Civ. P. 26(b)(5). As set forth in Paragraph III.F, and unless otherwise agreed by the parties in writing, **if material is withheld from production based on claims of attorney-client privilege or the work product protection, such material must be recorded in a privilege log and the privilege log must be served within ten (10) days of each production from which documents are withheld on privilege grounds; if a document production is made with fewer than 10 days remaining in the discovery period, the privilege log for that production must be served by the close of discovery.**

13. The following deadlines shall control the timing of expert disclosures required under Federal Rule of Civil Procedure 26(a)(2): expert reports on issues on which a party bears the burden of proof shall be served by **April 23, 2025**; any rebuttal expert reports shall be served by **May 21, 2025**; and any reply expert reports shall be served by **June 4, 2025. To the extent the parties wish to modify these deadlines, they must seek leave of the Court**.

14. As set forth in the Joint Discovery Plan and as discussed during the initial pretrial conference, the Plaintiffs, collectively, may take no more than ten depositions in this matter,

absent leave of court. The parties are directed to meet and confer regarding the specific logistics of those depositions. Collectively, the Individual Defendants may take no more than ten depositions in this matter, absent leave of court. As discussed during the initial pretrial conference, the practice in this Court is that a party may not serve on any other party more than thirty interrogatories, including parts and subparts, without leave of Court. (*See, e.g.*, Securities Dkt. No. 73.) In this matter, however, thirty interrogatories per Plaintiff on each Defendant is too many (or per Defendant on each Plaintiff). The parties are directed to meet and confer regarding the scope of discovery, including the number of interrogatories they reasonably require, and to present an update to the Court in the March 20 status report.

15. In the Joint Discovery Plan, the parties set forth their positions regarding the scope of discovery, including topics regarding which the parties may seek discovery, the scope and volume of written discovery, and a plan to coordinate fact depositions in this matter with depositions in the Securities Action, among other issues. As ordered during the initial pretrial conference, the parties are directed to continue to meet and confer regarding all discovery issues and to present a dispute to the Court if they reach an impasse. The parties are reminded that the Court expects counsel to resolve discovery issues among themselves through the meet and confer process. *See* Dkt. No. 145.

16. The parties must electronically file on or before the final pretrial conference the Federal Rule of Civil Procedure 26(a)(3) disclosures and a list of the exhibits to be used at trial, a list of the witnesses to be called at trial and a written stipulation of uncontested facts. The exhibits themselves or a copy should be exchanged with opposing counsel before the conference. Objections to exhibits must be filed within ten (10) days after the conference; otherwise the exhibits shall stand admitted in evidence. The original exhibits shall be delivered to the clerk as

provided by Local Civil Rule 79(A). Exhibits not so disclosed and listed will not be permitted at trial except for impeachment or rebuttal, and no person may testify whose identity, being subject to disclosure or timely requested in discovery, was not disclosed in time to be deposed or to permit the substance of his knowledge and opinions to be ascertained.

17. At the final pretrial conference, the trial of this case will be set for a day certain.

18. Personal identifiers must be redacted from all publicly filed pleadings and exhibits in accordance with Local Civil Rule 7(C).

19. As discussed during the initial pretrial conference, the parties are encouraged to continue discussing the possibility of a settlement or other resolution of this matter. If the parties believe that a settlement conference with the Court would be of assistance in resolving this dispute, the parties are directed to notify the Court so that a settlement conference may be scheduled.

20. The following provisions shall apply to the filing and noticing of all motions:

(a) All motions must contain a statement that a good-faith effort to narrow the area of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions. All motions must adhere to the page limits and font requirements set in Local Civil Rule 7(F)(3). An appropriate number of paper copies of any motion and all pleadings relating to that motion shall be delivered directly to the attention of the judge hearing the motion at the Clerk's Office within one day of the electronic filing. *See* "Alexandria Chambers Copies/Division-Specific Information" on the Alexandria page of the Court's website located at www.vaed.uscourts.gov.

(b) Except for consent motions, all motions shall be accompanied either by a waiver of hearing or a notice of hearing for the earliest possible hearing date consistent with the briefing

schedules discussed below. A consent motion should be filed in accordance with the procedures provided on the Alexandria page of the Court's website referenced above. **Discovery-related motions must be filed in time to be heard by the close of discovery.**

(c) Any motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion.

(d) Unless otherwise directed by the Court, dispositive motions shall be filed and briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1). Local Civil Rule 7(F)(1) provides that a response brief is due 14 days after service of the motion and a reply brief may be filed 6 days after the service of the response. The periods for filing a response brief and a reply shall apply without regard to the mode of service used for those briefs.

(e) In order to provide for the prompt resolution of non-dispositive matters to be heard by the assigned magistrate judge, a non-dispositive motion may be filed by no later than 5:00 p.m. on a Monday and noticed for a hearing at 1:00 p.m. on the Tuesday of the following week. Under this expedited schedule, a response brief must be filed no later than 5:00 p.m. on Thursday and any reply brief should be filed by 1:00 pm on the following Monday to give the Court time to review all pleadings before the hearing. This expedited schedule shall apply for non-dispositive motions noticed for a hearing with less than two weeks' notice. If a non-dispositive motion is noticed for a hearing between two and three weeks from the filing date, any response brief must be filed 7 days after service and any reply brief may be filed 3 days after service of the response. At the moving party's discretion, a non-dispositive motion may also be filed and noticed for a hearing with three weeks' notice and the briefing schedule provided in Local Civil Rule 7(F)(1) providing for 14 days for a response brief and 6 days for a reply would apply. If a non-dispositive motion is filed and oral argument is waived, any response brief must be filed within 7 days after

service and any reply brief within 3 days after service of the response. As discussed during the initial pretrial conference, any hearing before the undersigned should be noticed for a Tuesday at 1:00 pm. All hearings will be conducted in person.

(f) All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained. As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section within the brief listing, in numbered-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record. A brief in opposition to a motion for summary judgment must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movant's section, each of the movant's enumerated facts and indicating whether the non-movant admits or disputes the fact with appropriate citations to the record. The Court may assume that any fact identified by the movant as undisputed in the movant's brief that is not specifically controverted in the non-movant's brief in the manner set forth above is admitted for the purpose of deciding the motion for summary judgment.

(g) Any motion to file a document under seal must comply with Local Civil Rule 5. Pursuant to Local Civil Rule 5, a notice specifically identifying the motion as a sealing motion must be filed on the public record. There is no need to file a notice of hearing or waiver of hearing for a motion to seal. A memorandum must be filed stating sufficient facts to support the action sought, and a proposed order must include specific findings. Where a party moves to file material under seal because the opposing party has designated that material as confidential, the opposing party must file a response to the motion and a proposed order that meets the requirements of Local Civil Rule 5. Only material found to meet the required standard may be sealed, with the remainder filed in the public record. An unsealed, redacted version of the filing in issue shall be filed with

the motion to seal. Filings under seal are disfavored and discouraged. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575–76 (4th Cir. 2004).

21. In the event this case is tried before a jury, each party shall file their proposed jury instructions and *voir dire* seven (7) days prior to trial in accordance with Local Civil Rule 51, unless otherwise directed by the Court. Violation of this Rule will constitute a waiver of objections to any instructions given. In the event the case is tried without a jury, counsel shall file written proposed findings of fact and conclusions of law prior to the beginning of trial.

**ENTERED** this 27th day of February, 2025.

Alexandria, Virginia

/s/ *LRV*
Lindsey Robinson Vaala
United States Magistrate Judge