IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, *et al.*, Derivatively on Behalf of Nominal Defendant THE BOEING COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID L. CALHOUN, *et al.*, <br><br> Defendants, <br><br> - and - <br><br> THE BOEING COMPANY, <br><br> Nominal Defendant. | Case No. 1:24-cv-01200 (LMB/LRV) <br><br> Hon. Leonie M. Brinkema |

## <u>ORDER</u>

This matter is before the Court on Plaintiffs' Motion to File Under Seal Joint Status Report Exhibits. (Dkt. No. 168.) On March 20, 2025, Plaintiffs moved to seal (1) portions of the parties' Joint Status Report (Dkt. No. 166, filed under seal as Dkt. No. 167), and (2) Exhibits A–I thereto (Dkt. No. 166-1, filed under seal as Dkt. Nos. 167-1, 167-2, 167-3, 167-4, 167-5, 167-6, 167-7, 167-8, and 167-9) in their entirety because they contain information designated "Confidential" by Nominal Defendant per the terms of the governing protective order. (*See* Dkt. No. 169; *see also* Dkt. No. 161 ¶ 11.) On March 27, 2025, as required by Local Civil Rule 5(C), Nominal Defendant filed a response to Plaintiffs' sealing motion. (Dkt. No. 179.) Therein, Nominal Defendant informed the Court that it does not oppose the public filing of the Joint Status Report or Exhibit E. Additionally, rather than seal Exhibits A, B, C, D, F, G, H, and I in their entirety, Nominal

1

Defendant submitted redacted versions of those documents that remove only individuals' phone numbers and non-Boeing email addresses, personally identifiable information of a non-party, and competitively sensitive business and financial information. Upon consideration of Plaintiffs' motion, supporting memorandum, Nominal Defendant's response, and the materials for sealing, the Court makes the following findings.

When presented with a request to seal judicial records or documents, the Court must comply with certain substantive and procedural requirements. Substantively, the Court "first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004) (internal quotations and citations omitted). Procedurally, the Court must weigh the appropriate competing interests by "(1) provid[ing] public notice of the request to seal and allow[ing] interested parties a reasonable opportunity to object, (2) consider[ing] less drastic alternatives to sealing the documents, and (3) provid[ing] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

Here, the common law standard governs the documents for sealing, and Plaintiffs' motion should be granted if the parties can show a countervailing interest that "heavily outweigh[s]" the public interest in access to the documents. *Va. Dep't of State Police*, 386 F.3d at 576 (internal quotations and citations omitted).

Turning to the first procedural requirement, Plaintiffs have provided public notice of their request to seal and interested parties have been given a reasonable opportunity to object. Because over seven days have elapsed since Plaintiffs filed the motion and public notice (Dkt. No. 170), and no interested party has objected, the Court may treat the motion as uncontested under Local

Civil Rule 5(C). The Court finds that Plaintiffs have satisfied the notice requirement under *Ashcraft* and the Local Civil Rules.

Second, the Court has considered less drastic alternatives to sealing and finds that there are no alternatives to sealing Nominal Defendant's proposed redactions to Exhibits A, B, C, D, F, G, H, and I (Dkt. Nos. 179-1, 179-2, 179-3, 179-4, 179-5, 179-6, 179-7, and 179-8, filed under seal as Dkt. Nos. 167-1, 167-2, 167-3, 167-4, 167-6, 167-7, 167-8, and 167-9) that would adequately protect the confidential information contained therein. The proposed redactions comprise a small portion of the documents overall, and Nominal Defendant's "proposal to redact only the proprietary and confidential information, rather than seal the entirety of [the documents], constitutes the least drastic method of shielding the information at issue." *Adams v. Object Innovation, Inc.*, 1:11cv272, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011), *report and recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012); *see also United States ex rel. Carter v. Halliburton Co.*, 1:11cv602, 2011 WL 8204612, at *3 (E.D. Va. Nov. 29, 2011) (redactions of "certain portions of [the movant's] brief" would be a "less drastic remedy than sealing the brief *in toto*").

Third, the Court has reviewed the non-public versions of Exhibits A, B, C, D, F, G, H, and I and finds that Nominal Defendant's proposed redactions contain sensitive personal contact information, personal identifiable information of a non-party, and competitively sensitive business and financial information. The Court further finds that the public's interest in accessing this information is outweighed by the potential harm that would be caused by public disclosure. *See Globus Med. Inc. v. Jamison*, 2:22cv282, 2024 WL 5455800, at *2 (E.D. Va. Nov. 14, 2024) ("[T]he potential harm from disclosure of [non-relevant personal information] outweighs the public's right of access to judicial proceedings"); *Synopsys, Inc. v. Risk Based Sec., Inc.*,

3:21cv252, 2022 WL 22287197, at *3 (E.D. Va. Jan. 11, 2022) (allowing personal contact information to remain under seal); *Solomon v. Am. Web Loan, Inc.*, 4:17cv145, 2020 WL 13894410, at *2 (E.D. Va. Oct. 15, 2020) (granting motion to seal documents containing "confidential financial information" and "confidential contracts and commercial agreements involving both parties and nonparties to this action"); *see also SMD Software, Inc. v. EMove, Inc.*, 5:08cv403, 2013 WL 1091054, at *3 (E.D.N.C. Mar. 15, 2013) (granting motion to seal materials that "reference confidential information such as plaintiffs' pricing methods, projected costs and profit margin, the parties' revenue and growth information, and customer loyalty information").

Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to File Under Seal Joint Status Report Exhibits (Dkt. No. 168) is **GRANTED IN PART**. It is further

**ORDERED** that Exhibits A, B, C, D, F, G, H, and I (Dkt. Nos. 167-1, 167-2, 167-3, 167-4, 167-6, 167-7, 167-8, and 167-9) to the Joint Status Report shall remain under seal until further order by the Court.[1] It is further

**ORDERED** that the Clerk of Court is directed to unseal the Joint Status Report (Dkt. No. 167) and Exhibit E thereto (Dkt. No. 167-5).

**ENTERED** this 3rd day of April, 2025.

/s/ *LRV*
Lindsey Robinson Vaala
United States Magistrate Judge

Alexandria, Virginia

---

[1] The Court cautions the parties that, should these same materials be attached to dispositive motions or used at trial, the public's right of access may outweigh any interest in keeping the materials under seal, and this Order should not be cited as a basis to support a sealing request in those contexts. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) ("Once the documents are made part of a dispositive motion, such as a summary judgment motion, they lose their status of being raw fruits of discovery." (quotation omitted)).