UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, et al., Derivatively on Behalf of Nominal Defendant THE BOEING COMPANY,<br><br>   Plaintiffs,<br><br>   v.<br><br>DAVID L. CALHOUN, et al.,<br><br>   Defendants,<br><br>   -and-<br><br>THE BOEING COMPANY,<br><br>   Nominal Defendant. | Case No. 1:24-cv-1200-LMB-LRV |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR A STAY**

# TABLE OF CONTENTS

Introduction ........................................................................................................................... 1

Legal Standard ..................................................................................................................... 2

Argument .............................................................................................................................. 3

      A.     A Stay Will Promote Judicial Economy. ..................................................... 3

      B.     Defendants Face Substantial Hardship if the Action Is Not Stayed. .......... 5

      C.     There Is No Prejudice to Plaintiffs.............................................................. 6

Conclusion ............................................................................................................................ 7

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brenner v. Albrecht*,
   2012 WL 252286 (Del. Ch. Jan. 27, 2012) ...................................................................... 5, 6

*Clinton v. Jones*,
   520 U.S. 681 (1997) ............................................................................................................ 2

*In re DaVita Inc. S'holder Derivative Litig.*,
   2018 WL 3105061 (D. Del. June 25, 2018) ..................................................................... 5-6

*Gibbs v. Plain Green, LLC*,
   331 F. Supp. 3d 518, 527 (E.D. Va. 2018) .......................................................................... 7

*In re Groupon Derivative Litig.*,
   882 F. Supp. 2d 1043, 1049-52 (N.D. Ill. 2012) .................................................................. 6

*In re Hawaiian Elec. Indus.*,
   2024 WL 3594783 (D. Haw. July 30, 2024) ........................................................................ 6

*Inloes v. Williams*,
   2014 WL 819135 (E.D. Va. Feb. 28, 2014) ..................................................................... 2, 5

*In re Insys Therapeutics Inc. Derivative Litig.*,
   2017 WL 5953515 (Del. Ch. Nov. 30, 2017) ....................................................................... 6

*Commonwealth of Va. ex rel. Integra Rec LLC* v. *Countrywide Sec. Corp.*,
   2015 WL 222312 (E.D. Va. Jan. 14, 2015) .......................................................................... 3

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ............................................................................................................. 3

*Rosenblum ex rel. Amgen, Inc. v. Sharer*,
   2008 WL 9396534 (C.D. Cal. July 28, 2008) ...................................................................... 6

*Snodgrass v. Richardson*,
   2024 WL 1260571 (E.D. Va. Mar. 25, 2024) (Brinkema, J) ................................................ 3

*In re STEC, Inc. Derivative Litig.*,
   2012 WL 8978155 (C.D. Cal. Jan. 11, 2012) ....................................................................... 5

*In re Twitter, Inc. S'holder Derivative Litig.*,
   2018 WL 3536085 (D. Del. July 23, 2018) .......................................................................... 6

## INTRODUCTION

On May 2, 2025, the United States Court of Appeals for the Fourth Circuit granted Defendants' petition for review of this Court's certification of the class in *In re The Boeing Co. Sec. Litig.*, No. 1:24-cv-151 (E.D. Va.) (the "Securities Action"). The Fourth Circuit's review of that class certification order may address issues of loss causation, damages, and materiality that are common to both the Securities Action and this derivative case. To avoid proceeding with those fundamental issues potentially unresolved, this Court on May 9, 2025, ordered a stay of proceedings in the Securities Action pending the Fourth Circuit's decision. ECF No. 167. This Court should now stay this derivative case as well.

As the Court has recognized, given the "huge amounts of overlap" between the Securities Action and this action, Sept. 6, 2024 Hr'g at 17:14-16, "it makes sense to be treating these two cases to some degree the same," Oct. 22, 2024 Hr'g at 4:21-5:1. Consistent with that principle, the Court ordered counsel in both cases to "coordinate all discovery to the maximum extent possible to avoid overlap and duplication." ECF No. 145. The parties have heeded that guidance by producing all the same documents and appearing at the same depositions across both cases. Now that the Court has stayed the Securities Action, staying this action on the same terms will continue to allow for maximum coordination and efficiency.

Coordinating the cases continues to make sense because, as the parties and the Court all acknowledged, there is very substantial overlap in the relevant facts and discovery. *See, e.g.*, ECF No. 102 at 3 (Plaintiffs arguing PSLRA discovery stay should be lifted because "the underlying misconduct pleaded in both cases is the same [and because] Plaintiffs will have to establish the same elements . . . based on overlapping statements"); Sept. 6, 2024 Hr'g at 17:14-16; Oct. 22, 2024 Hr'g at 35:20-23. Just as the Fourth Circuit's decision may bear on issues of damages, loss causation, and materiality in the Securities Action, so, too, here. There is no statement in this case

involving a subject matter unique or different from the statements at issue in the Securities Action. In fact, this derivative action is far narrower in scope, and is based on a small subset of the alleged misstatements at issue in the Securities Action. *See* Ex. 1, Challenged Statements in Derivative and Securities Actions. Plaintiffs' Exchange Act Section 14(a) claim is based on alleged misstatements in proxy materials that are also alleged misstatements in the Securities Action. ECF No. 110 ¶¶ 600-607; *see also* Ex. 1 (identifying paragraphs of Derivative and Securities Complaints containing same alleged misstatements).

Given the complete overlap, continuing maximum coordination by adopting the same stay that was entered in the Securities Action is the most sensible way to proceed. By contrast, moving ahead with this action while the Securities Action is stayed would place unnecessary burdens on the witnesses and the parties by wasting their resources on duplicative discovery, and risk inconsistent decisions. Having the derivative case move ahead of the Securities Action would also contradict the sequence this Court previously set, and that courts around the country routinely set when there are parallel direct and derivative actions based on the same underlying facts. In that situation, courts hold that securities class actions should proceed before, not after, accompanying derivative actions—as has been the order here. *See, e.g.*, *Inloes v. Williams*, 2014 WL 819135, at *2 (E.D. Va. Feb. 28, 2014) ("Also weighing in favor of granting a stay is the pendency of the parallel Securities Class Action, with its overlapping issues, the resolution of which may substantially and properly affect the company's evaluation of how to proceed in this case."). Defendants thus respectfully submit that the Court likewise should stay all further proceedings in this action consistent with the stay entered in the Securities Action.

## LEGAL STANDARD

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The "power to stay proceedings is

incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to stay proceedings, a district court considers the following factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and] (3) potential prejudice to the non-moving party." *Snodgrass v. Richardson*, 2024 WL 1260571, at *9-10 (E.D. Va. Mar. 25, 2024) (Brinkema, J) (granting stay pending decision in a different case that had "obvious overlapping issues of law and fact" such that a stay "would avoid duplicative litigation").

## ARGUMENT

Each of these factors militates for staying this action so long as the Securities Action is stayed: it will avoid duplicative efforts, Defendants would suffer hardship otherwise, and there is no prejudice to Plaintiffs.

### A. A Stay Will Promote Judicial Economy.

In assessing the conservation of judicial resources, courts look to whether a stay would avoid "needless duplication of work and the possibility of inconsistent rulings." *Commonwealth of Va. ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, 2015 WL 222312, at *4 (E.D. Va. Jan. 14, 2015) (quoting *Sehler v. Prospect Mortg., LLC*, 2013 WL 5184216, at *2 (E.D. Va. Sept. 16, 2013)).

Here, as the Court recognized, there are "huge amounts of overlap" between the Securities Action and this action, Sept. 6, 2024 Hr'g at 17:14-16, such that "it makes sense to be treating these two cases to some degree the same." Oct. 22, 2024 Hr'g at 4:21-5:1. In ordering that Boeing produce to Plaintiffs in this action all documents produced in the Securities Action, the Court noted that it "could result in litigation inefficiencies" if the two actions were to proceed on different timelines. ECF No. 107, at 2. And the Court ordered counsel in both cases to "coordinate all

3

discovery to the maximum extent possible to avoid overlap and duplication." ECF No. 145. Consistent with that guidance, the two actions have been very closely aligned to date. Documents produced in each action have been reproduced in the other. Each witness has appeared for a single deposition taken in both actions, with plaintiffs sharing questioning time. As the Court predicted, that process has maximized efficiency and reduced duplication.

Keeping the cases together remains the most efficient path moving forward. By contrast, breaking the link and proceeding forward just in this case could result in precisely the duplication, inefficiencies, and wasted resources that the Court has to date sought to avoid. For example, allowing this action to proceed while the Securities Action is stayed may result in the need to take duplicate depositions of fact witnesses, both before the scheduled close of discovery on June 13, 2025, in the derivative action, and again after the Fourth Circuit rules in the Securities Action. This would waste not just the witness's and counsels' time, but also would impose unnecessary expense on Boeing. That result would be particularly ironic and problematic here given that this is a derivative case in which Plaintiffs claim to represent not their own interests, but the company's.

Proceeding here but not in the Securities Action also risks inconsistent decisions in the two cases. As the Securities Action defendants explained in their Motion to Stay, there is "substantial overlap" between the issues on appeal and "the merits elements of loss causation, damages, and materiality." Securities Action, ECF No. 162 at 3. Those same issues of loss causation, damages, and materiality are directly relevant in this case, including because Plaintiffs here, like the Securities Action plaintiffs, are pursuing a Section 10(b) claim based on the same statements and alleged "corrective disclosure." Moving forward with this action without the benefit of the Fourth Circuit's impending decision on these relevant issues raises the possibility of inconsistent rulings,

4

and at the very least threatens to waste the Court's and the parties' time on litigating issues that could be materially affected by the Fourth Circuit's guidance in the Securities Action.

      **B.**      **Defendants Face Substantial Hardship If the Action Is Not Stayed.**

As courts have recognized, "[t]he concerns of hardship and equity to the moving party are especially relevant in shareholder derivative cases when a securities class action suit is proceeding on the same issues." *In re STEC, Inc. Derivative Litig.*, 2012 WL 8978155, at *4 (C.D. Cal. Jan. 11, 2012) (citations omitted). Here, Defendants will face substantial and unnecessary hardship without a stay.

As discussed, the Court and the parties have repeatedly emphasized the substantial overlap between this action and the Securities Action. *See supra* Sec. A. Proceeding forward with fact and expert discovery, and then dispositive motions, while the Securities Action is stayed will cause Boeing and Defendants to incur burdensome and duplicative costs as the same or similar work will need to be repeated in the Securities Action. It is also an unnecessary hardship for Defendants to incur the costs of expert discovery and dispositive briefings without the benefit of the Fourth Circuit's ruling, which could materially affect this case too.

Staying this case for the brief duration of the stay in the Securities Action also maintains the logical sequence between the two cases, and the one that courts have routinely maintained to avoid unnecessary hardship. Courts across the country hold that securities cases should proceed ahead of related derivative cases, not the other way around. For example, in *Inloes v. Williams*, Judge Trenga stayed a derivative case given "the pendency of the parallel Securities Class Action, with its overlapping issues, the resolution of which may substantially and properly affect the company's evaluation of how to proceed in this case." 2014 WL 819135, at *2 (citation omitted); *see also Brenner v. Albrecht*, 2012 WL 252286, at *6-7 (Del. Ch. Jan. 27, 2012) (staying derivative action given pending securities class action); *In re DaVita Inc. S'holder Derivative Litig.*, 2018

5

WL 3105061, at *4 (D. Del. June 25, 2018) (same); *Rosenblum ex rel. Amgen, Inc. v. Sharer*, 2008 WL 9396534, at *8 (C.D. Cal. July 28, 2008) (same); *In re Twitter, Inc. S'holder Derivative Litig.*, 2018 WL 3536085, at *3 (D. Del. July 23, 2018) (same); *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1049-52 (N.D. Ill. 2012) (same); *In re Insys Therapeutics Inc. Derivative Litig.*, 2017 WL 5953515, at *3 (Del. Ch. Nov. 30, 2017) (same); *In re Hawaiian Elec. Indus. S'holder Derivative Litig.*, 2024 WL 3594783, at *8-9 (D. Haw. July 30, 2024) (same).

In fact, these courts have recognized that moving a derivative action ahead of a securities action could substantially *harm* the company whose interests the derivative plaintiffs purport to represent. That is because "[p]rosecution of [the] derivative action would involve taking actions designed to refute the merits of the Company's defense of the Securities Class Action," and "[t]he potential for such conflicts" thus "creates a significant risk that prosecution of [the derivative] case will prejudice [the Company]." *Brenner*, 2012 WL 252286, at *6.

Consistent with this routine and logical sequencing, this Court originally scheduled the Securities Action to proceed to the conclusion of discovery, a pre-trial conference, and trial ahead of those same milestones in this derivative action. That order continues to make sense but can be maintained now only by staying this action while the Securities Action remains stayed.

C.   **There Is No Prejudice to Plaintiffs.**

When deciding whether to grant a stay of a derivative action, "[b]ecause a derivative suit is brought on behalf of a corporation, the Court must consider what harm the corporation itself might suffer, not the harm that the plaintiffs or their attorneys might face." *Hawaiian Elec.*, 2024 WL 3594783, at *4. Plaintiffs themselves have acknowledged that the Court should look to *Boeing's* interest (not their own) and that Boeing's interest is furthered by a stay under appropriate circumstances. *See* ECF No. 47 at 20 (arguing the derivative action should be stayed where doing so "inures to the benefit (not harm) of Boeing"); ECF No. 70 at 11-12 (asserting Plaintiffs sought

6

to "stay the action protect [their] and Boeing's interests."). As described above, a short stay on the same terms and for the same period as in the Securities Action will benefit Boeing by preventing unnecessary expense. *See supra* at 4.

Even if Plaintiffs' interests (as opposed to the interests of the company they seek to represent) were relevant, they would not be prejudiced by a stay. In evaluating the potential prejudice to the non-moving party, courts consider the length of the potential delay and the continuing harm the non-moving party may encounter as a result of the stay. *See, e.g.*, *Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 527 (E.D. Va. 2018). The stay here is limited only to the time required for the Fourth Circuit to render its decision. And the Securities Action plaintiffs have already agreed to a stay, confirming that there is no prejudice to Plaintiffs here. On the contrary, a brief stay will allow Plaintiffs and the company whose interests they claim to represent to continue to benefit from the maximum coordination the Court has already ordered.

## CONCLUSION

Defendants respectfully submit that the Court should stay all further proceedings in this action consistent with the stay recently entered in the Securities Action.

Dated: May 9, 2025                                   Respectfully Submitted,

*/s/ Charles B. Molster*
Charles B. Molster, III (Va. Bar No. 23613)
LAW OFFICES OF CHARLES B. MOLSTER, III PLLC
2141 Wisconsin Avenue, N.W., Suite M
Washington, DC 20007
cmolster@molsterlaw.com
Tel: (703) 346-1505

Andrew J. Ehrlich (*pro hac vice*)
Gregory Laufer (*pro hac vice*)
Alison R. Benedon (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
aehrlich@paulweiss.com
glaufer@paulweiss.com
abenedon@paulweiss.com
Tel: (212) 373-3000
Fax: (212) 757-3990

*Counsel for Defendants David L. Calhoun, Steven M. Mollenkopf, Lawrence W. Kellner, Robert A. Bradway, Lynne M. Doughtie, Lynn J. Good, David L. Gitlin, Stayce D. Harris, Akhil Johri, David L. Joyce, John M. Richardson, Sabrina Soussan, Ronald A. Williams, Stanley Deal, Stephanie Pope, Howard McKenzie, Michael Delaney, Mike Fleming, Elizabeth Lund, Darrin A. Hostetler, Uma M. Amuluru, Mark C. Fava, Elisabeth C. Martin, Thomas Galantowicz, Michael D'Ambrose, Edwin J. Clark, and Scott A. Stocker*

8