**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION ) <br> AND RETIREMENT SYSTEM, *et al*., ) <br> Derivatively on Behalf of Nominal ) <br> Defendant THE BOEING COMPANY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DAVID L. CALHOUN, *et al*., ) <br> ) <br> Defendants, ) <br> ) <br> - and - ) <br> ) <br> THE BOEING COMPANY, ) <br> ) <br> Nominal Defendant. ) <br> _____ ) | Case No. 1:24-cv-01200 (LMB/LRV) <br><br> Hon. Leonie M. Brinkema |

**ORDER**

This matter is before the Court on Plaintiffs' Motion to File Under Seal Plaintiffs' Memorandum in Support of Their Motion to Compel and Certain Exhibits Thereto (Dkt. No. 187) and Plaintiffs' Motion to File Under Seal Reply Memorandum in Further Support of Plaintiffs' Motion to Compel and Certain Exhibits Thereto (Dkt. No. 200). On May 5, 2025, Plaintiffs moved to seal (1) the unredacted version of the Memorandum in Support of Plaintiffs' Motion to Compel Production of Documents and Party Depositions (Dkt. No. 184, filed under seal as Dkt. No. 186), and (2) Exhibits C–D and F–I to the Declaration of Susan Podolsky (Dkt. Nos. 184-4, 184-5, 184-7, 184-8, 184-89, and 184-10, filed under seal as Dkt. Nos. 186-1, 186-2, 186-3, 186-4, 186-5, and 186-6) in their entirety. On May 12, 2025, Plaintiffs moved to seal (1) the unredacted version of the Reply Memorandum in Further Support of Plaintiffs' Motion to Compel Production of

1

Documents and Party Depositions (Dkt. No. 198, filed under seal as Dkt. No. 199), and (2) Exhibits A–D to the Declaration of Susan Podolsky (Dkt. Nos. 198-2, 198-3, 198-4, and 198-5, filed under seal as Dkt. Nos. 199-1, 199-2, 199-3, and 199-4).  Plaintiffs seek to file these materials under seal because they contain information designated "Confidential" or "Highly Confidential" by Nominal Defendant per the terms of the governing protective order.  (*See* Dkt. No. 188 at 2; Dkt. No. 201 at 2; *see also* Dkt. No. 161 ¶ 11.)

On May 12 and 19, 2025, as required by Local Civil Rule 5(C), Nominal Defendant filed responses to Plaintiffs' sealing motions.  (Dkt. Nos. 204, 210.)  Therein, Nominal Defendant proposed narrowing Plaintiffs' redactions to the Memorandum in Support of Plaintiffs' Motion to Compel and the Reply Memorandum in Further Support of Plaintiffs' Motion to Compel.  Nominal Defendant also informed the Court that it does not oppose the public filing of Exhibit F to the Podolsky Declaration in support of the Memorandum in Support of Plaintiffs' Motion to Compel. (*See* Dkt. No. 204 at 5.)  Additionally, rather than seal the remaining exhibits in their entirety, Nominal Defendant submitted redacted versions of those documents that remove only the personally identifiable information of nonparties and Nominal Defendant's sensitive and confidential business information.  Upon consideration of Plaintiffs' motions and supporting memoranda, Nominal Defendant's responses, and the materials for sealing, the Court makes the following findings.

When presented with a request to seal judicial records or documents, the Court must comply with certain substantive and procedural requirements.  Substantively, the Court "first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004) (internal quotations and citations omitted). Procedurally,

2

the Court must weigh the appropriate competing interests by "(1) provid[ing] public notice of the request to seal and allow[ing] interested parties a reasonable opportunity to object, (2) consider[ing] less drastic alternatives to sealing the documents, and (3) provid[ing] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc*., 218 F.3d 288, 302 (4th Cir. 2000).

Here, the common law standard governs the documents for sealing, and Plaintiffs' motions should be granted if Nominal Defendant can show a countervailing interest that "heavily outweigh[s]" the public interest in access to the documents. *Va. Dep't of State Police*, 386 F.3d at 576 (internal quotations and citations omitted).

Turning to the first procedural requirement, Plaintiffs have provided public notice of their sealing motions and interested parties have been given a reasonable opportunity to object. Because over seven days have elapsed since Plaintiffs filed the motions and public notices (Dkt. Nos. 189, 202), and no interested party has objected, the Court may treat the motions as uncontested under Local Civil Rule 5(C). The Court finds that Plaintiffs have satisfied the notice requirement under *Ashcraft* and the Local Civil Rules.

Second, the Court has considered less drastic alternatives to sealing and finds that there are no alternatives to sealing Nominal Defendant's proposed redactions that would adequately protect the confidential information contained therein. The proposed redactions comprise a small portion of the documents overall, and Nominal Defendant's "proposal to redact only the proprietary and confidential information, rather than seal the entirety of [the documents], constitutes the least drastic method of shielding the information at issue." *Adams v. Object Innovation, Inc.*, 1:11cv272, 2011 WL 7042224, at \*4 (E.D. Va. Dec. 5, 2011), *report and recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012); *see also United States ex rel. Carter v.*

3

*Halliburton Co.*, 1:11cv602, 2011 WL 8204612, at *3 (E.D. Va. Nov. 29, 2011) (redactions of "certain portions of [the movant's] brief" would be a "less drastic remedy than sealing the brief *in toto*").

Third, the Court has reviewed the non-public versions of the materials for sealing and finds that Nominal Defendant's proposed redactions contain personally identifiable information of nonparties and Nominal Defendant's competitively sensitive business and financial information. For example, Nominal Defendant's proposed redactions to Exhibits C, G, H, and I to the Memorandum in Support of Plaintiffs' Motion to Compel contain confidential aircraft design and manufacturing information, and Exhibits A, B, C, and D to the Reply Memorandum in Further Support of Plaintiffs' Motion to Compel contain sensitive information regarding an internal Boeing investigation and subsequent actions taken in response, as well as Boeing's risk management analysis with regard to regulatory compliance. The Court further finds that the public's interest in accessing this information is outweighed by the potential harm that would be caused by public disclosure. *See Espinosa v. Trans Union, LLC*, 2025 WL 291058, at *2 (E.D. Va. Jan. 10, 2025) ("The Court finds that the public's interest in accessing [documents containing a party's proprietary business information] is outweighed."); *Globus Med. Inc. v. Jamison*, 2:22cv282, 2024 WL 5455800, at *2 (E.D. Va. Nov. 14, 2024) ("[T]he potential harm from disclosure of [non-relevant personal information] outweighs the public's right of access to judicial proceedings"); *Synopsys, Inc. v. Risk Based Sec., Inc.*, 3:21cv252, 2022 WL 22287197, at *3 (E.D. Va. Jan. 11, 2022) (allowing personal contact information to remain under seal); *Solomon v. Am. Web Loan, Inc.*, 4:17cv145, 2020 WL 13894410, at *2 (E.D. Va. Oct. 15, 2020) (sealing documents containing "confidential financial information" and "confidential contracts and commercial agreements involving both parties and nonparties to this action"); *U.S. ex rel. Carter*,

4

2011 WL 2077799, at *3 (sealing internal "Employee Relations investigation" report); *see also SMD Software, Inc. v. EMove, Inc.*, 5:08cv403, 2013 WL 1091054, at *3 (E.D.N.C. Mar. 15, 2013) (sealing materials that "reference confidential information such as plaintiffs' pricing methods, projected costs and profit margin, the parties' revenue and growth information, and customer loyalty information").

Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to File Under Seal Plaintiffs' Memorandum in Support of Their Motion to Compel and Certain Exhibits Thereto (Dkt. No. 187) is **GRANTED** as to the Memorandum in Support of Plaintiffs' Motion to Compel and Exhibits C, D, G, H, and I to the Podolsky Declaration, and only the redacted versions, filed as exhibits to Nominal Defendant's response (Dkt. Nos. 204-2, 204-3, 204-4, 204-5, 204-6, and 204-7) are to be filed on the public docket. The unredacted versions (Dkt. Nos. 186, 186-1, 186-2, 186-4, 186-5, and 186-6) shall remain under seal until further order by the Court.[1] It is further

**ORDERED** that the Clerk of Court is directed to unseal Exhibit F to the Memorandum in Support of Plaintiffs' Motion to Compel (Dkt. No. 186-3). It is further

**ORDERED** that Plaintiffs' Motion to File Under Seal Reply Memorandum in Further Support of Plaintiffs' Motion to Compel and Certain Exhibits Thereto (Dkt. No. 200) is **GRANTED** as to the Reply Memorandum in Support of Plaintiffs' Motion to Compel and Exhibits

---

[1] The Court cautions the parties that, should these same materials be attached to dispositive motions or used at trial, the public's right of access may outweigh any interest in keeping the materials under seal, and this Order should not be cited as a basis to support a sealing request in those contexts. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) ("Once the documents are made part of a dispositive motion, such as a summary judgment motion, they lose their status of being raw fruits of discovery." (quotation omitted)).

A, B, C, and D to the Podolsky Declaration, and only the redacted versions, filed as exhibits to Nominal Defendant's response (Dkt. Nos. 210-2, 210-3, 210-4, 210-5, and 210-6) are to be filed on the public docket. The unredacted versions (Dkt. Nos. 199, 199-1, 199-2, 199-3, 199-4) shall remain under seal until further order by the Court.

**ENTERED** this 22nd day of May, 2025.

Alexandria, Virginia

/s/ _LRV_
Lindsey Robinson Vaala
United States Magistrate Judge