IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, *et al.*, Derivatively on Behalf of Nominal Defendant THE BOEING COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID L. CALHOUN, *et al.*, <br><br> Defendants, <br><br> - and - <br><br> THE BOEING COMPANY, <br><br> Nominal Defendant. | Case No. 1:24-cv-01200 (LMB/LRV) |

## ORDER

This matter is before the Court on the parties' Joint Motion to Complete Certain Outstanding Discovery After The June 13, 2025 Close of Discovery (Dkt. No. 230). In the Joint Motion, the parties ask for an additional six weeks – from June 13, 2025 to July 25, 2025 – to complete certain outstanding discovery.

In particular, the parties state that it is not "feasible to conduct all remaining depositions in this case" by the close of discovery and that they have between themselves agreed "to schedule certain depositions following the June 13, 2025, deadline." (*Id.*, ¶ 3.) Specifically, the parties have agreed to dates after June 13, 2025 for the depositions of six experts and three Director Defendants, who are not identified in the Motion. (*Id.*, ¶¶ 3(c)-(h).) The Court notes that expert reports were due on April 23, 2025 with rebuttal reports due on May 21, 2025 and any reply reports

1

due by June 4, 2025. (*See* Dkt. No. 161, ¶ 13.) The parties offer no explanation as to why they have failed to complete six expert depositions during the discovery period.

The parties also state that depositions of Plaintiffs' 30(b)(6) witnesses have not yet been scheduled and that the timing of these outstanding depositions is "subject to the time of production of Plaintiffs' documents." (Dkt. No. 230, ¶ 4.) Relatedly, the parties also have not completed "certain agreed-upon document and written discovery." (*Id.*, ¶ 5.) The Court thus understands that Plaintiffs' witnesses have not been deposed yet because Plaintiffs have not produced documents, despite the fact that discovery closes on June 13, 2025.

The parties request until July 25, 2025 to complete the outstanding discovery but do not set forth good cause for the July 25, 2025 date. The last scheduled deposition date is July 3, 2025. (*See id.*, ¶ 3(h).)

It is hereby

**ORDERED** that the Joint Motion (Dkt. No. 230) is **GRANTED IN PART**. All the outstanding discovery set forth in the Joint Motion must be completed by July 3, 2025. No new discovery may be served. No further extensions will be granted. It is further

**ORDERED** that Paragraph 12 of the Rule 16(B) Scheduling Order (Dkt. No. 161) is modified as follows: **If material is withheld from production based on claims of attorney-client privilege or the work product protection, such material must be recorded in a privilege log and the privilege log must be served within one business day of the production.** It is further

**ORDERED** that the Joint Motion is otherwise **DENIED**. It is further

**ORDERED** that the June 13, 2025 hearing on the Joint Motion is **CANCELLED**.

**ENTERED** this 12th day of June, 2025.

Alexandria, Virginia

/s/ LRV
Lindsey Robinson Vaala
United States Magistrate Judge